**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Bonnie Brown *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | NO. 1:13-cv-01345 |
| v. | ) ) | CLASS ACTION |
| Medicis Pharmaceutical Corporation, | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL
<u>OF THE MODIFIED CLASS SETTLEMENT</u>**

**I.     INTRODUCTION**

On September 6, 2013, the seven named Plaintiffs and Medicis Pharmaceutical Corporation ("Medicis") moved for preliminary approval of a proposed class action settlement. After several hearings and the Court's denial of the motion without prejudice on September 30, 2014 (Dkt. No. 26), the Court on December 9, 2014, informed counsel for the parties in chambers that the Court was inclined to provisionally certify the proposed class in connection with the settlement of pay and promotion claims asserted by Plaintiffs, which are subject to common proof such as with statistical analysis applicable to the class. The Court expressed concern that it could not certify the hostile environment claims with the record before the Court, but also openness to reviewing class members' claim form responses for support for class-wide hostile environment claims.

After subsequent discussions between the parties and with the mediator and the proposed Claims Administrator, the parties have agreed to modify the proposed settlement to exclude any class-wide harassment or hostile environment claims, although

Plaintiffs may ask the Court to permit the class to pursue those claims if information to be collected from class members firmly supports class-wide hostile environment claims. This change in the structure of the settlement necessitates several revisions to the Settlement Agreement, Notice and Claim Form that were originally filed with the Court on September 6, 2013. The revised documents are attached as Exhibits 1-3 of this Memorandum. The class member and Plaintiff releases, which are unchanged, are attached as Exhibits 4-5. Redlines comparing the modified Settlement Agreement, Notice and Claim Form to the versions submitted on September 6, 2013 are attached as Exhibits 6-8.

This Memorandum explains only the reasons for the revisions to the modified Settlement Agreement, Notice and Claim Form. Otherwise, the facts and arguments favoring preliminary approval set out in Plaintiffs' Memorandum of Points and Authorities in Support of Preliminary Approval of the Class Action Settlement (Dkt. No. 6), Supplemental Declaration of Cyrus Mehri in Support of the Joint Motion for Preliminary Approval of the Class Action Settlement (Dkt. No. 24-1), and Joint Supplemental Information in Support of Preliminary Approval of the Class Action Settlement (Dkt. No. 28) still apply. For all the reasons set forth in those prior submissions as well as this Memorandum, the Court should preliminarily approve the proposed settlement, as modified, and enter the accompanying proposed Order. By this means, class members will be informed of the modified proposed settlement and will have the opportunity to provide feedback that could inform the Court's final approval decision.

## II. ARGUMENT

In their Complaint, Plaintiffs claim that the senior management of Medicis' field sales Aesthetics and Dermatology divisions—led by Jonah Shacknai, then Chief Executive Officer of Medicis—discriminated against women in compensation and promotion decisions. Plaintiffs also allege that the CEO and his senior team created a sexualized workplace culture that was hostile to women. Largely because the hostility allegedly originated with the company's top executives and spread throughout Medicis field sales operations, Plaintiffs believed in September 2013, and continue to believe, that their hostile environment claims may meet the standards for certification under Rule 23 based on the unusual facts of this case. *See Wilfong v. Rent-A-Center, Inc.*, No. 00-CV-0680, 2001 U.S. Dist. LEXIS 22718, *17-18 (S.D. Ill. Dec. 27, 2001) (certifying a class of female employees claiming harassment when the evidence "suggests that management from the store level to the corporate level had knowledge of the hostility of the environment in the company's stores" and that there was "corporate indifference to what was happening in the company's stores").

Plaintiffs, however, recognize that sexual harassment claims generally are resolved individually or in small group actions, not in class actions. To proceed with a hostile environment claim on a class basis, Plaintiffs would have to prove, among other requirements, that common behavior or events gave rise to the hostile environment or allowed it to exist. The responses to the claim forms will shed significant light on whether Plaintiffs could meet the requirements for certification of a class. Until those claim forms are received, Plaintiffs are content to ask the Court to approve the class only as to pay and promotion claims. After Plaintiffs have reviewed the claim forms they will

be in a position to analyze whether the responses provide enough support to ask the Court to expand the scope of the class to assert class-wide hostile environment claims. Ex. 6, Redlined Settlement Agreement, at 5.

The fact that the class is not now being approved to assert sexual harassment claims has varying impact on the remainder of the settlement.

First, the limitation of the scope of the proposed class claims at this time has caused the parties to modify the programmatic relief by removing two provisions that applied primarily or solely to harassment prevention. *Id.* at 25. Other provisions concerning training for employees have been rewritten to exclude references to harassment (*id.* at 22-23; Ex. 7, Modified Notice, at 4), but Plaintiffs anticipate that any adequate training program about sexual discrimination necessarily also will encompass sexual harassment.

Next, that same limitation does not affect the scope of the release that Medicis will obtain from claimants or the bar the Settlement Agreement will impose on class members. Claimants and class members still will release all of their gender discrimination claims, including sexual harassment claims. Ex. 4; Ex. 5; Ex. 6, at 18-19; Ex. 7, at 6.

Finally, the limitation of the class claims does not require eliminating from the claim form all questions that do not relate directly to pay and promotions. Other information, such as evidence of sexual harassment or of discriminatory terminations of female employees, may help to show that Mr. Shacknai and other management were biased against women or regarded them as less valuable in the workplace. At a trial, evidence of a wrongful act is not admissible to prove a person's character in order to

show that on a particular occasion the person acted in accordance with the character, but may, unless unduly prejudicial, be used for other purposes, such as to prove motive, intent or bias. Fed. R. Evid. 404(b). Any claimant possessing such evidence would have a stronger case of pay or promotion discrimination than a claimant with otherwise similar facts but without such evidence. And even if a court might exclude the evidence at a trial as unduly prejudicial, rules of evidence should be relaxed in the claims context.

Claim form questions concerning sexual harassment are appropriate for two other reasons as well. First, because claimants must release all sexual harassment claims, it is only fair for them also to be able to receive an award for those claims if they have facts to support them. Second, as discussed above, Plaintiffs may still ask the Court to allow relief to the class for harassment if the information submitted by claimants shows that this was a common, pervasive issue. The best way of obtaining that information is to ask questions on the claim form.

For all of these reasons, the modified claim form still contains questions about harassment and discriminatory terminations, but the form now makes the relationship to the pay and promotion claims clear. Ex. 8, Redlined Claim Form, at 6-7. Including these questions also is consistent with other gender discrimination class settlements in which the claim form asks, and the claims administrator awards points, for information concerning non-class claims such as harassment, retaliation and termination. Ex. 9, *Carter v. Wells Fargo Advisors LLC*, No. 1:09-cv-01752-CKK (D.D.C.), court-approved Claim Form, ECF No. 43-5.

Of course, the inclusion of questions concerning sexual harassment does not require the claims administrator to award the same number of points for hostile

5

environment answers if the claims are purely individual as it would if the claims were class-wide. The Court may evaluate the propriety of the weight that the claims administrator's proposed formula gives to the class compensation and promotion claims compared to the weight given to the non-class claims, including sexual harassment claims, as part of its determination of whether the settlement is reasonable and fair.

The only other substantive change is to make the Settlement Agreement and Notice consistent with respect to the method by which to rescind an opt-out notice. Previously, the Settlement Agreement required a class member wishing to rescind her opt-out to notify counsel for both parties, while the Notice required notice to counsel for only one party. The Settlement Agreement has been revised to conform to the Notice. Ex. 6, Modified Settlement Agreement, at 16.

The remaining changes to the documents are non-substantive. They are intended to accurately describe the case's procedural history (*id.* at 12-13; Ex. 7, Modified Notice, at ii, 1-2), to accurately describe the number of persons interviewed by counsel (Ex. 6, Redlined Settlement Agreement, at 3), to clarify whether references to the Settlement Agreement are to the original version submitted in 2013 or the modified version submitted with this Memorandum (*id.* at 1, 4, 6, 8, 12, 17; Ex. 7, Modified Notice, at ii), to clarify the scope of the Release (Ex. 7, Modified Notice, at 2), to clarify class members' options (*id.* at 5-6), to fill in several blanks (*id.* at iii, 5, 8), and to correct typographic and capitalization errors.

### III.   CONCLUSION

Since the parties submitted the original Joint Motion for Preliminary Approval in September 2013, the factual justifications for the settlement have been considerably

strengthened through Plaintiffs' submissions in response to the Court's questions. With the modifications described in this Memorandum, the Court's concern regarding class certification of harassment claims has been eliminated. The filing is sufficient for the Court to grant preliminary approval. The preliminary approval order will allow notice to be sent to class members and the Court to obtain additional information with which to determine whether to grant the proposed settlement final approval.

Plaintiffs therefore respectfully request that the Court enter an order: (1) provisionally certifying the Class for purposes of settlement; (2) appointing the original Named Plaintiffs, except for Bonnie Brown who is now deceased, as the class representatives; (3) appointing Class Counsel; (4) preliminarily approving the Settlement Agreement; (5) approving the provision of notice of the settlement to the Class; and (6) setting a date for a fairness hearing.

January 14, 2015                            Respectfully submitted,

/s/ Michael Lieder
Cyrus Mehri (DC No. 420970)
Michael Lieder (DC No. 444273)
Ellen Eardley (DC No. 488741)
MEHRI & SKALET, PLLC
1250 Connecticut Avenue, NW, Suite 300
Washington, DC 20036
Tel: (202) 822-5100
cmehri@findjustice.com
mlieder@findjustice.com
eeardley@findjustice.com

Sara Wyn Kane (admitted *pro hac vice*)
Robert J. Valli, Jr. (admitted *pro hac vice*)
Valli Kane & Vagnini LLP
600 Old Country Road, Suite 519
Garden City, New York 11530
Telephone: (516) 203-7180
skane@vkvlawyers.com
rvalli@vkvlawyers.com

**EXHIBITS**

Exhibit 1:     Modified Settlement Agreement (clean)

Exhibit 2:     Modified Notice of a Class Action Settlement (clean)

Exhibit 3:     Modified Claim Form (clean)

Exhibit 4:     Class Member Release (clean)

Exhibit 5:     Named Plaintiff General Release (clean)

Exhibit 6:     Modified Settlement Agreement (redlined against Settlement Agreement submitted September 6, 2013)

Exhibit 7:     Modified Notice of a Class Action Settlement (redlined against Notice of a Class Action Settlement submitted September 6, 2013)

Exhibit 8:     Modified Claim Form (redlined against Claim Form submitted September 6, 2013)

Exhibit 9:     *Carter v. Wells Fargo Advisors LLC*, No. 1:09-cv-01752-CKK (D.D.C.), court-approved Claim Form, ECF No. 43-5.

**CERTIFICATE OF SERVICE**

I certify that on January 14, 2015, a true and correct copy of the Plaintiffs' Memorandum of Points and Authorities in Support of Joint Motion for Preliminary Approval of the Modified Class Settlement was served via electronic mail on counsel for Defendant listed below:

James Nagle
William Benoit
Goodwin Procter LLP
Exchange Place
53 State Street
Boston, MA 02109
Tel: (617) 570-1904
jnagle@goodwinprocter.com
wbenoit@goodwinprocter.com

Andrew S. Hudson (DC No. 996294)
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001-4432
Tel: (202) 346-4000
Fax: (202) 346-4444
ahudson@goodwinprocter.com

/s/ Michael Lieder
Michael Lieder