**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

Bonnie Brown, Leslie Baginski, Lisa Cummings-Gallina, Laurie Introp, Lisa Levine, Bridget Oliveto, & Lindsay Pihaly on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

Medicis Pharmaceutical Corporation,

Defendant.

NO. 1:13-cv-01345
CLASS ACTION

FILED
JUL 11 2016
Clerk, U.S. District & Bankruptcy Courts for the District of Columbia

**ORDER GRANTING FINAL APPROVAL OF THE CLASS SETTLEMENT**

The parties to this action have entered into a proposed Settlement Agreement (ECF 30-2) and have applied to this Court for preliminary and final approval of the Settlement Agreement. A Preliminary Approval Order was entered on August 5, 2015. (ECF 37). The Preliminary Approval Order appointed Class Counsel, appointed Class representatives, provisionally found that the Settlement Agreement is "fair, adequate, and reasonable," and provisionally certified the Class to pursue claims of discrimination in compensation and promotion. *Id.*

The Preliminary Approval Order also approved the form of notice and the claim form, appointed a Claims Administrator, and directed that notice of the settlement, its terms, and the applicable procedures and schedules be provided to the Class. The parties complied with the Notice plan. After Class Members had submitted Claim Forms to the Claims Administrator, Class Counsel submitted to the Court an analysis of hostile environment allegations contained therein. Thereafter, the Court ordered that the scope of the claims of the Class be expanded to

include hostile environment claims. (ECF 45). The Claims Administrator mailed a second Notice to Class Members which notified Class Members of the certification of the hostile environment claims and the date of the final fairness hearing.

Having held the final fairness hearing on June 1, 2016 and having considered the written submissions by the parties, and pursuant to Fed. Rs. Civ. P. 23(e), 23 (h), and 54(d)(2), it is hereby **ADJUDGED** and **ORDERED**:

1. Except as otherwise specified herein, the Court for purposes of this Order adopts all defined terms set forth in the Settlement Agreement.

2. This Court has jurisdiction over the subject matter of this litigation and all matters relating thereto, and over the Plaintiffs and the Defendant.

3. The proposed Settlement Class is: "All women regularly employed directly by Medicis or by Medicis indirectly through Quintiles, Innovex or QFR Solutions in the Aesthetics Division or Dermatology Division in the following field sales positions at any time from April 15, 2008 up to and including December 10, 2012: Professional Sales Specialist, Senior Sales Specialist, Executive Sales Specialist, Territory Manager, Professional Territory Manager, Senior Territory Manager, Executive Territory Manager, Regional Manager, Senior Regional Manager and Executive Regional Manager. Any women who have previously released sex discrimination claims against Medicis for the entirety of the Class Period during which they were employed directly by Medicis or by Medicis indirectly through Quintiles, Innovex or QFR Solutions, and/or any women who obtained a final judicial determination concerning sex discrimination claims which would otherwise be covered by this Settlement Agreement, are excluded from the definition of the Settlement Class."

4. This Court confirms as final its provisional certification of the Settlement Class, as defined above and in paragraph four of its Preliminary Approval Order (ECF 37), based on the findings therein and the absence of any objections from any Class Members to such certification. The Settlement Class has approximately 225 members.

a. There are too many Class Members and they are too widely scattered around the country for joinder to be practicable. The Settlement Class meets the numerosity requirement of Rule 23(a)(1).

b. The claims of the members of the Settlement Class raise numerous common factual and legal issues, some of which are identified in the Amended Complaint. The Settlement Class meets the commonality requirement of Rule 23(a)(2).

c. The claims of the Class Representatives are typical of the claims of the other Class Members. The Settlement Class meets the typicality requirement of Rule 23(a)(3).

d. The Class Representatives are adequate representatives of the Class, and there is no evidence that they have any interest antagonistic to the Class Members they represent. They have hired counsel experienced in litigating employment discrimination class actions. The Settlement Class meets the adequate representation requirement of Rule 23(a)(4).

5. The proposed Class satisfies both the requirements of Fed. R. Civ. P. 23 (b)(2) and 23 (b)(3) and is hereby certified as a hybrid. The Court has afforded Class Members the opportunity to opt-out of the monetary portion of the Settlement without releasing any of their claims. No Class Member has requested to opt-out of the monetary portion of the Settlement Agreement without releasing any of their claims.

6. The Court confirms as final the appointment of Plaintiffs: the Estate of Bonnie Brown[1], Leslie Baginski, Lisa Cummings-Gallina, Laurie Introp, Lisa Levine, Bridget Oliveto, and Lindsay Pihaly as Class Representatives as stated in its August 5, 2015 Order.

7. The Court confirms as final the appointment of Mehri & Skalet, PLLC and Valli Kane & Vagnini LLP as Class Counsel. The Court further confirms the appointment of Cyrus Mehri of Mehri & Skalet, PLLC and Sara Wyn Kane of Valli Kane & Vagnini LLP as Lead Class Counsel.

8. The Class Notice and Claim Form mailed to Class Members, pursuant to this Court's orders, constituted the best notice practicable under the circumstances and was accomplished in all material respects. The Claims Administrator mailed Notice to the 225 Class Members on August 20, 2015. 19 of these 225 Notices were returned as undeliverable with forwarding addresses; the Claims Administrator subsequently re-mailed Notices to the updated addresses of these 19 Class Members. One Notice was returned as undeliverable without forwarding information; after conducting an advanced address search, the Claims Administrator re-mailed notice to this Class Member. On October 15, 2015, the Claims Administrator mailed a Reminder Notice Postcard to the 204 individuals who had not returned a claim form as of that date, and mailed a Second Notice Reminder Postcard to the 195 Class Members who had not returned a Claim Form as of November 2, 2016. On April 5, 2016, the Claims Administrator mailed the Second Notice of Class Action to all 225 Class Members. The Notice language and the manner in which Notice was given fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution and any other applicable law.

[1] The Estate of Bonnie S. Brown was substituted by Plaintiffs' Consent Motion for Named Plaintiff Bonnie Brown in this matter in January 2015. ECF 32.

9. The Settlement Agreement was the culmination of extensive discussion and negotiation between the parties. The discussions were informed by years of investigation, including interviews with female field sales representatives and the provision of human resources data by Defendant to Plaintiffs that permitted Plaintiffs' and Defendant's experts to perform the types of statistical analyses of the claims typically performed during litigation. More information regarding the sexual harassment claims in particular was collected through the claims process, in which 99[2] Claims were filed and about 61% of those filed contained specific allegations of hostile work environment. The terms of the settlement were negotiated at arm's length between highly experienced counsel representing the interests of the Plaintiffs, the Plaintiff Settlement Class and Defendants, after thorough factual and legal investigation and with the assistance of an experienced, professional mediator. *Radosti v. Envison EMI*, 717 F. Supp. 2d 37, 56 (D.D.C. 2010) (granting final approval to class action settlement that was the result of arm's length negotiations by experienced counsel).

10. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, this Court grants final approval to the Settlement Agreement (ECF 30-2) and incorporates the Agreement herein. The Court finds that the Settlement Agreement and its terms, including but not limited to the terms regarding programmatic relief, monetary relief and allocation, are fair, reasonable, and adequate in all respects and that the settlement terms are rationally related to the strength of the claims of Plaintiffs and Class Members given the risk, expense, complexity, and duration of further litigation.

[2] As represented to the Court during the June 1, 2016 Final Fairness Hearing, one additional claim form was not submitted by the deadline as a result of medical issues experienced by the claimant. This form, as well as the claimant's affidavit and supporting documentation, will be submitted by Class Counsel to the Claims Administrator for review of authenticity and reasonableness. If the claims administrator finds the submission to be authentic and reasonable, the claimant will be eligible for an award subject to the same evaluation as claimants who timely submitted their forms.

11. The Court further finds that the response of the Class to the Settlement supports settlement approval. *Bynum v. District of Columbia*, 412 F.Supp.2d 73, 77 (D.D.C. 2006). The Class contains approximately 225 members, and 99 claims had been submitted as of November 18, 2015. This is a claim submission rate of about 44%. Importantly, no Class Member has submitted objections to or opted out of the Settlement.

12. The Court finds the proposed plan of allocation is rationally related to the relative strengths and weaknesses of the respective claims asserted. The mechanisms and procedures set forth in the Settlement Agreement, and set forth further in the Claims Administrator's Declaration and Class Counsel's Memorandum in Support of the Motion for Final Approval by which payments are to be calculated and made to Class Members filing timely claims, are fair, reasonable and adequate. Payment shall be made according to those allocations and pursuant to the procedure set forth therein.

13. The maximum award of attorneys' fees and expenses was set forth in the Settlement Agreement filed with the Court and in the Notice provided to Class Members and the attorneys general. Class Counsel has submitted a request that conforms with the maximum set forth in the Settlement Agreement and specified in the Notice. Significantly, no Class Member objected to the request for attorneys' fees or reimbursement of expenses. The Court finds that the proposed award of attorneys' fees and litigation expenses is reasonable and within the range of fee awards made in comparable cases. The actual and estimated expenses are sufficiently documented and reasonable. Pursuant to Fed. Rs. Civ. P. 23(h) and 54(d)(2), the Court approves the fee award in the amount of 35% of the $7.15 million monetary settlement, plus reimbursement of all reasonable costs including costs for experts which are estimated to be $127,136[3], plus a

---

[3] As represented to the Court during the June 1, 2016 Final Fairness Hearing, a portion of the Claims Administrator's administrative expenses were inadvertently included in Class Counsel's calculation of expenses.

$150,000 payment for fees on the one year anniversary of this order for work associated with implementing the Settlement Agreement, plus any interest earned on those amounts until the dates of disbursement to Class Counsel.

14. The Court has reviewed the release provisions in the Settlement Agreement and in the Class Member Release and Named Plaintiff Release, and the Court finds the releases to be fair, reasonable, and enforceable under applicable law. By operation of the entry of this Order and the Final Judgment, all released Class and Named Plaintiff claims (as described in Section V of the Settlement Agreement and as set forth in the Class Member Release and Named Plaintiff Release (ECF 30-5 and 30-6)) are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the Settlement Agreement, as to all Settlement Class members. All claims released pursuant to the Settlement Agreement are dismissed with prejudice as to all members of the Settlement Class.

15. Each member of the Settlement Class is permanently enjoined from commencing, prosecuting or maintaining in any court other than this Court any claim, action or other proceeding that challenges or seeks review of or relief from any order, judgment, act, decision or ruling of this Court in connection with the Settlement Agreement.

16. Each member of the Settlement Class is permanently enjoined from commencing, prosecuting or maintaining, either directly, representatively or in any capacity, any claim that is subsumed within the Settlement Agreement, including any and all sex discrimination claims against Defendant under federal, state and local laws, from February 9, 2007 through December 10, 2012.

---

The calculation of expenses, as well as all calculations including expenses, have been adjusted to reflect the correct expense totals. A corrected expense report is also filed herewith.

17. On May 26, 2016, the Defendant provided notice of the settlement pursuant to the Class Action Fairness Act ("CAFA") 28 U.S.C. § 1715(d) to the United States Attorney General and the Attorneys General of all states in which a Class Member resides. Defendant's counsel shall notify the Court and Class Counsel if any inquiries are received by Federal or State officials by September 1, 2016. Provided that no inquiries are received by Federal or State officials by September 1, 2016, on September 2, 2016 or thereafter distributions from the Settlement Fund may be made by the Settlement Fund Trustee subject to the terms of the Settlement Agreement and the Administrative Order. If any inquiries are received, Defendant shall report them to the Court and Class Counsel and no distributions shall be made from the Settlement Fund until the Court determines that any inquiries raised have been resolved to the Court's satisfaction.

18. Within five business days after the later of (a) the date on which the Court determines that it has resolved any CAFA inquiries raised which shall be reported to the Court and Class Counsel by Defendant by September 1, 2016; or (b) September 2, 2016, the Court shall enter an order dismissing the Complaint with prejudice, except that the Court shall retain continuing jurisdiction limited to enforcing the Settlement Agreement and Administrative Order.

19. The Settlement Agreement, this Final Order, the certification of the Class, and any communication or action by the parties in connection with the Settlement shall not constitute or be deemed to constitute an admission by Defendant or any other person or entity of any liability or wrongdoing whatsoever, or a finding by this Court as to the merits of any claim or defense asserted or that could have been asserted in this action The Settlement Agreement, any negotiations or proceedings related thereto, this Final Order, and any related document or communication shall not be offered or received in evidence against any person or entity in any action or proceeding as an admission, concession, presumption or inference as to the merits of

any claim or defense; provided, however, that the Settlement Agreement or this Final Order may be received in evidence in any proceeding in this Court as may be necessary to consummate or enforce the Settlement Agreement or this Final Order.

20. The Court hereby enjoins disclosure to third parties of the documents and information discussed or exchanged during the parties' confidential settlement negotiations and mediation to any third party not specified in the parties' confidentiality agreements.

21. This Order and Settlement Agreement are binding on all members of the Class.

22. The Court retains jurisdiction over this matter for purposes of resolving issues relating to administration, implementation, and enforcement of the Settlement Agreement and the related Administrative Order.

IT IS SO ORDERED.

Dated: ~~June~~ July 11th, 2016

RICHARD J. LEON
United States District Judge